IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LENORA L. WILLIAMS,

        Plaintiff,        Civil No. 05-917-TC

        v.        FINDINGS AND RECOMMENDATION

WAL-MART STORES INC.,

        Defendant.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint alleging negligence, unlawful discrimination and violations of various Oregon statutes, arising out of the termination of her employment by defendant Wal-Mart Stores, Inc. ("Wal-Mart").

    In a Findings and Recommendation (#19) adopted by Order (#21) entered 11/3/05, defendant's Motion to Dismiss (#6) was allowed. Plaintiff was allowed 30 days to file an amended complaint that re-alleged her claim for unlawful

1 - FINDINGS AND RECOMMENDATION

discrimination based on ORS 659A.040, only.

On 11/15/05 plaintiff filed an amended complaint alleging that she was wrongfully discharged from her employment in retaliation for filing a Workers' Compensation Claim. Defendant now moves for summary judgment(#28).

The relevant facts are as follows: On June 14, 2003, plaintiff sustained an on-the job injury while working as a produce clerk in the grocery department of defendant Wal-Mart. The next day, plaintiff was diagnosed with a contusion/abrasion to her right pinky finger and her physician ordered her off work from June 15 to June 23. On June 23, plaintiff's physician diagnosed her with a sprain to her pinky finger and stated that plaintiff could return to light duty or modified work on her next scheduled work day. Plaintiff filed for workers' compensation benefits on July 7, 2003.

Between June 23, 2003 and October 16, 2003, plaintiff was released by her doctor for periods of time for light duty work and released for periods of time for work without restrictions. Plaintiff stopped working on October 6, 2003.

After she stopped working, plaintiff applied for and obtained a leave of absence from Wal-Mart. The leave of absence was to commence on October 27, 2003, and expire on December 4, 2003. On December 3, 2003, plaintiff received a letter from Wal-Mart informing her that her leave of absence

2 - FINDINGS AND RECOMMENDATION

would expire on December 4, 2003, that they had attempted to contact her by phone and that she must contact the store manager within three days of receipt of the letter or face termination. Plaintiff never contacted the store and did not submit another request for leave of absence.

Between October 21, 2003 and March 15, 2004, Wal-Mart sent several letters to plaintiff extending plaintiff three separate job offers. The second and third jobs offered to plaintiff were specifically crated to accommodate plaintiff's injury. All of the jobs offered were approved by her physician. Each letter that offered a new job to plaintiff stated that refusal to accept the job may be considered as job abandonment which could result in possible termination. Plaintiff did not accept any of the jobs offered. Plaintiff acknowledged in her deposition that she probably could have performed the third job.

Plaintiff was terminated on March 21, 2004 for failing to respond to defendant's third job offer. Her termination was classified in Wal-Mart's records as voluntary.

In order to establish a claim for retaliation under ORS 659A.040, plaintiff must prove: 1.) that plaintiff invoked the workers' compensation system; 2.) that plaintiff was discriminated against in the tenure, terms, or conditions of employment; and 3.) a causal link between the two (that is,

3 - FINDINGS AND RECOMMENDATION

that the employer discriminated against the plaintiff in the tenure or terms of employment *because* he or she invoked the workers' compensation system). Hardie v. Legacy Health System, 167 Or. App. 425, 433 (2000) [overturned on other grounds as stated in Lansford v. Georgetown Manor, Inc., 192 Or. App 261 (2004)]; see also, Stanich v. Precision Body and Paint, Inc., 151 Or. App. 446 (1997).

In this case, the amount of time that lapsed between plaintiff's filing the workers' compensation claim (July 2003) and her termination (March 2004) does not suggest a "casual link" between the two events. Moreover, the record reflects that defendant made every effort to accommodate plaintiff and provide her with job opportunities that were within her medical restrictions.

The undisputed facts of record establish that plaintiff was approved for light duty work and failed to accept jobs approved by her doctors or otherwise communicate with Wal-Mart regarding her status. Under these circumstances I find that plaintiff voluntarily abandoned her job and cannot establish a claim for retaliation.

Plaintiff has offered no evidence of retaliation except for her subjective impression of defendant's motive - which is contradicted by undisputed facts that she received multiple job offers and rejected them based on her opinion that they

4 - FINDINGS AND RECOMMENDATION

were outside of her doctor's restrictions.

In Plaintiff's Reply in Opposition to Defendant's Motion for Summary Judgment (#40), plaintiff argues that she did respond to defendant's third job offer and relies on Exhibit #31 submitted in support of her Response to Defendant's Concise Statement of material of Facts (#35). Exhibit #31 is a letter dated March 14, 2004 from Lenora Williams to Mr. Earl Cressman. The letter states: "Mr. Cressman. I Lenora Williams at this time can neither accept or deny this job offer until I have had a chance to speak with my current attending physician Dr. Sherman."

Defendants have submitted the affidavit of Sara Catlett, employed as the Risk Manager for defendant during the time giving rise to plaintiff's claims herein. See, (#37). Ms. Catlett states in her affidavit: "The first time I saw the letter dated March 14, 2004 ... was on February 21, 2006 when Wal-Mart's legal counsel faxed it to me." Ms. Catlett further states that she has inspected plaintiff's employment file and although other correspondence from plaintiff relative to her injury and employment status is contained in plaintiff's employment file, the March 14, 2004 letter is not in the file.

Defendants have also submitted the affidavit of Earl Cressman, employed as the store manager for Wal-Mart. See,

5 - FINDINGS AND RECOMMENDATION

(#38). Mr. Cressman states in his affidavit: "The first time I saw the letter dated March 14, 2004 ... was on February 21, 2006 when Sara Catlett showed it to me."

At her deposition, plaintiff denied making any contact with defendant after she received the third and final job offer.

A party cannot create an issue of fact by contradicting his or her own deposition or other sworn testimony. Unless the damaging testimony is shown to have resulted from mistake or confusion, the contradictory declaration creates no genuine issue of fact on a summary judgment motion. Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999).

Plaintiff contends in her Response to Defendant's Concise Statement of Material Facts (#35) that "defendants were made aware that Plaintiff could not remember." However, plaintiff's deposition testimony was unequivocal and she did not indicate any lack of memory or confusion concerning whether she had responded to defendant's third job offer. See, Miner Affidavit (#39), Exhibit 1, p. 5.

Moreover, plaintiff does not deny that she received defendant's third and final job offer. She only denies that she did not contact defendant regarding the offer. It is undisputed that she did not *accept* the offer, and pursuant to defendant's employment policies of which plaintiff was aware,

6 - FINDINGS AND RECOMMENDATION

the failure to accept the offer constituted a failure to return from leave of absence was properly construed as a voluntary dismissal.

I find that plaintiff's Exhibit (#31) does not create a material issue of fact sufficient to defeat defendant's motion for summary judgment.

I find that there are no material issues of fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment (#28) should be allowed. This case should be dismissed with prejudice.

DATED this 8th day of May, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION